## MORRIS BURK v. DAVID H. BURRELL ET AL.

*Master and servant—Negligence—Pleading.*

The declaration in this case is held to state a cause of action, and to show substantially that at the time the plaintiff was directed to put the belt on the shaft, in doing which the accident occurred, the machinery was in motion, by reason of which, the belt being frayed, plaintiff was caught by the frayed portion of the belt while in motion, and injured; and it is further held that the contention of defendant's counsel that the declaration fails to aver what the regular way was for putting on the belt, and that if plaintiff intended to maintain that such regular way was with the shaft in rapid motion he should so aver distinctly, precisely, and issuably, is not well taken.

Error to Wayne. (Reilly, J.) Submitted on briefs October 15, 1891. Decided November 13, 1891.

Negligence case. Plaintiff brings error. Judgment reversed, with leave to plead. The facts are stated in the opinion.

*J. W. Donovan,* for appellant.

*Charles M. Swift,* for defendants.

LONG, J. This cause was commenced by declaration in the circuit court for the county of Wayne. To this declaration defendants demurred, and plaintiff filed an amended declaration, to which defendants also demurred, and that demurrer was sustained in the court below. Plaintiff brings error. The amended declaration is as follows:

"Morris Burk, plaintiff herein, a resident of said county, by J. W. Donovan, his attorney, complains of above-named defendants, also doing business in said county, of a plea of trespass on the case, filing this amended declaration, and the original hereof, as commencement of suit.

"For that whereas, said plaintiff, while yet a minor (he having only come of age in April, 1890), and while in the employ of said defendants, who were box and wood material makers at Wyandotte, in said county, as a common laborer in and about defendants' works, to wit, about May 11, 1887, while under the direction, management, and control of said defendants as aforesaid, was injured as hereinafter set forth, to wit: At the date and place aforesaid the defendants were box-makers and woodworkers, and in and about which employment defendants' employés were required to use certain swift-running and dangerous machinery, also owned and managed by defendants, to wit, wheels, belts, and pulleys, knives and shafts, all run by steam-power, and to manage which it became and was the duty of said defendants to use care, caution, and strong, safe, and sound machinery, in and about its manufacturing of box material, staves, timbers, and divers kinds of wood-work, as aforesaid, and to keep the same in safe condition; yet said defendants, well knowing the premises, and carelessly neglecting to provide said works (in which plaintiff was set to work by defendants, their servants and agents) with the usual safe wheels, belts, pulleys, shafting, and sound machinery, did, to wit, on the day aforesaid, carelessly neglect, allow, and permit a portion of their said belting, to wit, one of the main belts in the shop where plaintiff was employed, to

become worn, weak, broken, frayed out, unsafe, and dangerous to this plaintiff, and to all other persons in their said employ, and the workmen in and about said factory.

"And plaintiff avers that, while in his regular employ as laborer and helper in said works, he was sent and directed by the foreman of said works to put a belt on one of the shafts aforesaid, in the regular way, and did carefully proceed and attempt to adjust said belt as usual, and which, if sound, could be put on with ease and safety, not knowing its weak, half broken, and dangerous condition, when a loose strip of said belt suddenly caught and entangled the plaintiff's left arm, drawing it violently over the wheel and shaft, and breaking the wrist, forearm, and arm and fingers of plaintiff, without any fault of his own, and by and through the carelessness of said defendants in permitting the use of said unsafe, frayed out, and dangerous belt, which the defendants well knew to be unsafe, unsound, and dangerous; whereby this plaintiff, on the day aforesaid, while in said employ, and in the due discharge of his duty (in working around said machinery), and without any carelessness on his part, and while exercising due and proper care, was caught and mangled by said broken and unsafe belt connected with said machinery, which so entangled his arm as to draw him violently over the wheel of defendants' works, while in swift motion, instantly wrenching and twisting and crushing plaintiff's left wrist, fore-arm, and arm, hand, and fingers, causing plaintiff great sickness and bodily disorder therefrom, for about one year thence next following; and also causing said arm to be shorter by an inch than the plaintiff's other arm, and greatly deforming said left arm, hand, and fingers of plaintiff, and permanently disabling and injuring this plaintiff from earning his usual wages, to wit, about $10 a week, for one year, and from earning full wages ever since said date, to his loss and damages in wages $1,000, and fully $200 for board and nursing, and from which injuries plaintiff had never fully recovered, and is permanently injured, all without fault of plaintiff, and wholly by and through the carelessness and negligence of defendants in failing to keep, provide, and use safe, sound, whole, and reliable belts and machinery. as aforesaid, especially after having been warned of the ragged, torn, broken, and unsafe condition of the belt aforesaid, which defective belt broke and injured plaintiff in the manner aforesaid, to his damage

$10,000, whereby an action hath accrued to plaintiff as aforesaid, and therefore he brings suit, etc."

It is contended on the part of defendants that the difficulty with plaintiff's amended declaration is that it avers that the plaintiff was directed by defendants' agent to put the belt on the shaft in the regular way, but does not aver what the regular way was; that the regular way, according to common experience, would be with the shaft thrown out of gear, and the wheel stationary, in which case it is impossible to understand how the accident to the plaintiff could have occurred; that, if the plaintiff intends to maintain that the regular way was with the shaft in rapid motion, he should so aver, distinctly, precisely, and issuably, for on this point defendants desire to take issue, and they are entitled to be informed before trial whether or not proof will be required; that two demurrers and an oral argument have challenged the attention of plaintiff's counsel to the particular matter in respect of which defendants insist upon precise information, but he refuses to amend, and maintains the sufficiency of his declaration; and that it should therefore be judged according to strict rules.

This point is not well taken. The declaration does show substantially that, at the time the plaintiff was directed to put the belt on, the machinery was in motion, and by reason of which, the belt being frayed, the plaintiff was caught by the frayed portion of the belt while in motion, and injured. It may or may not have been the usual way to put the belt on while the machinery was in motion, yet the declaration alleges that the plaintiff was directed to put the belt on at that time, and at the time he was so directed the machinery was in motion. We think the declaration states a cause of action, and the court below was in error in sustaining the demurrer.

The judgment will be reversed, with costs, and a new trial ordered. Defendants will have 20 days after case is remanded to plead.

The other Justices concurred.